

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMMY STORMS, ASHLEY STORMS, and SARA TYLKOWSKI, on behalf of themselves and other persons similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:11-cv-6743 |
| NIMESH PATEL, SHRI BANGALEY, L.A. TAN ENTERPRISES, INC., TAN EXTREME, INC., SOLA ROCHELLE TAN, INC., CRYSTAL LAKE TAN, INC., SONA HOFFMAN TAN, INC., SONA PALATINE TAN, INC., and SONA MCHENRY VIDEO, INC., | )<br>)<br>) Judge Leinenweber<br>)<br>)<br>) Magistrate Judge Finnegan<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND DISMISSING CLAIMS WITH PREJUDICE

Plaintiffs Tammy Storms, Ashley Storms, and Sara Tylkowski and Defendants Nimesh Patel, Shri Bangaley, L.A Tan Enterprises, Inc., Tan Extreme, Inc., Sola Rochelle Tan, Inc., Crystal Lake Tan, Inc., Sona Hoffman Tan, Inc., Sona Palatine, Inc, and Sona McHenry Video, Inc. ("Defendants") have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed an unopposed motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows.

    1.    The following class is certified, pursuant to 29 U.S.C. § 216(b):

A "Non-Illinois Overtime Class" consisting of:

all individuals who worked at an L.A. Tan salon located outside of Illinois as a store manager or an hourly employee between February 3, 2009 and December 31, 2011 and worked a total of more than forty hours in a workweek at one or more L.A. Tan salons without receiving overtime premium pay in an amount of $2.50 or more.

2. The following class is certified, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 29 U.S.C. § 216.

An "Illinois Overtime Class" consisting of:

All individuals who worked at an L.A. Tan salon located in Illinois as a store manager or hourly employee between September 26, 2008 and December 31, 2011 and worked a total of more than forty hours in a workweek at one or more L.A. Tan salons without receiving overtime premium pay in an amount of $2.50 or more.

3. The following classes are certified, pursuant to Federal Rule of Civil Procedure 23(b)(3):

An "Illinois Vacation Pay Class" consisting of:

All individuals who (1) worked at an L.A. Tan salon located in Illinois as a store manager or hourly employee for at least six months; (2) worked at an L.A. Tan salon on or after August 1, 2009, (3) worked 32 hours in three straight weeks after August 1, 2009, and (4) ended their employment at an L.A. Tan salon between August 1, 2009 and December 31, 2011.

An "Illinois Time Shaving Class" consisting of:

All individuals who (1) worked at an L.A. Tan salon located in Illinois as a store manager or hourly employee on or after January 1, 2007, (2) worked at least 80 hours in a single payroll period at a single L.A. Tan salon, (3) had their payroll processed through the L.A. Tan corporate office, and (4) were not paid for all hours worked in an amount of $5.00 or more for hours worked in excess of 80 in a payroll period.

4. The Court finds that Simpluris, Inc. ("Simpluris"), the appointed Settlement Administrator, has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the

Due Process Clause of the United States Constitution.

5. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

6. The Court hereby dismisses this case with prejudice against Defendants.

7. Non-Illinois Overtime Class Members who timely returned a claim form forever discharge and release the Defendants, and their past or present officers, directors, shareholders, owners, employees, franchisees, principals, heirs, consultants, insurers and reinsurers, and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys (the "Released Parties") from all Fair Labor Standards Act claims arising out the Non-Illinois Class Members' work at an L.A. Tan salon between February 3, 2009 and December 31, 2011.

8. All Illinois Overtime Class Members who did not exclude themselves from the Settlement by filing a notice of exclusion forever discharge and release the Released Parties from all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, which the Illinois Overtime Class Members have, have had, or may have and which reasonably arise out Defendants' failure to pay Illinois Overtime Class Members overtime premium pay for hours worked in excess of forty in a workweek between September 26, 2008 and December 31, 2011.

9. All Illinois Time Shaving Class Members who did not exclude themselves from the Settlement by filing a notice of exclusion forever discharge and release the Released Parties from all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, which the Class Members have, have had, or may have and which reasonably arise out Defendants' failure to pay Class Members for all hours worked in excess of eighty hours in a payroll period at a single salon between September 26, 2008 and December 31,

2011.

10. All Illinois Vacation Pay Class Members who did not exclude themselves from the Settlement by filing a notice of exclusion forever discharge and release the Released Parties from all claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, which the Class Members have, have had, or may have and which reasonably arise out Defendants' failure to pay Class Members the monetary equivalent of all vacation pay earned between September 26, 2008 and December 31, 2011.

11. Without affecting the finality of this order, this Court hereby retains continuing jurisdiction over the implementation of this Settlement Agreement and any award or distribution of the Qualified Settlement Fund ("QSF"), including interest earned thereon.

12. The Court directs payment to Tammy Storms, Ashley Storms, and Sara Tylkowski a sum of $1,000 each over and above the amount that they are entitled to by virtue of their status as Class Members. This payment shall occur no later than fourteen days after entry of this order.

13. The Court directs payment to Class Counsel a total sum of $183,941.00, which amounts to 30% of the common fund created by the Settlement Agreement, plus $18,941.00 to reimburse Class Counsel for fees paid to expert statistician Whitman Soule. The Court finds that this award of attorneys' fees, costs, and expenses fairly represents the market rate of Plaintiffs' attorneys services, had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than twenty-one days after entry of this order.

14. The Court directs payment of $16,975.44 to Simpluris for work performed as Settlement Administrator. This payment shall occur no later than twenty-one days after entry of this order.

15. The Court directs Simpluris to issue checks to Class Members in accordance with the

Settlement Agreement. Initial payments to Class Members shall occur no later than twenty-one days after entry of this order.

16. After Simpluris issues checks to Illinois Class Members in accordance with the Settlement Agreement and after all checks are expired, the Court directs Simpluris to dispose of all unclaimed money in the Illinois Fund as follows. First, Simpluris shall make payment to Class Counsel in the amount of $579.75 to reimburse Class Counsel for unexpected costs of settlement administration. Second, Simpluris shall deliver any amounts remaining in the Illinois Fund to the non-profit organization, Women Employed, 65 E. Wacker Pl., Suite 1500, Chicago, IL 60601.

ENTERED:

Dated: 4/23/13

United States District Court
HARRY D. LEINENWEBER